UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| PAMELA MCVEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Case No. 2:10-CV-231 |
| v. | ) |
| | ) Collier / Lee |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

# **M E M O R A N D U M**

Plaintiff Pamela McVey ("Plaintiff") brought this action on October 18, 2010, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff disability insurance benefits and supplemental security income under 42 U.S.C. §§ 416(i), 423, and 1382. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Fed. R. Civ. P. 72(b) for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for summary judgment (Court File No. 10) and Defendant's motion for summary judgment (Court File No. 12). The magistrate judge filed an R&R (Court File No. 14) recommending Plaintiff's motion for summary judgment be denied (Court File No. 10), Defendant's motion for summary judgment be granted (Court File No. 12), and the Commissioner's decision be affirmed. Plaintiff timely filed an objection to the R&R (Court File No. 15). For the following reasons, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's R&R (Court File No. 14).

## I.     STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection

is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681.

If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999). If the ALJ's decision was not supported by substantial evidence, the Court should typically reverse and remand the case for further administrative proceedings. However, when "the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking," the court may reverse the decision and award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

## II. DISCUSSION[1]

Plaintiff raises two primary objections to the magistrate judge's R&R, both of which are essentially recitations of Plaintiff's previously raised arguments.[2] First, Plaintiff claims the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence because he failed to include any limitations imposed by Plaintiff's exertional dyspnea and chronic obstructive pulmonary disease ("COPD"). Second, Plaintiff argues the ALJ failed to pose a hypothetical question to the vocational expert ("VE") that accurately reflected Plaintiff's mental limitations. The Court will address each of Plaintiff's arguments in turn.

### A. Plaintiff's Physical Impairments

The magistrate judge made two findings with respect to Plaintiff's argument that the ALJ's RFC determination failed to incorporate the environmental limitations expressed in Dr. Chaudhuri's opinion. As a preliminary matter, the magistrate judge found that, contrary to Plaintiff's contention, SSR 96-6p was not implicated because the ALJ did address Dr. Chaudhuri's opinion and gave the opinion significant weight. According to SSR 96-6p, an ALJ may not ignore the opinions given by state agency consultants and physicians and must explain what weight they gave to those opinions.

---

[1] Because Plaintiff does not object to the magistrate judge's basic recitation of the facts, the Court will not repeat them here.

[2] In what appears to be a third argument, Plaintiff claims the ALJ should have contacted the examiners for clarification given that the vocational expert's testimony and the opinion relied upon at Exhibit 4 (that is, Dr. Miller's opinion) did not clearly define Plaintiff's limitations. This issue was not raised by Plaintiff in her brief. Therefore, it is effectively waived. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (citation and internal quotation omitted) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived."). Moreover, to the extent Plaintiff raises this argument based upon the ALJ's statement in his decision that he relied upon hypothetical question one and Dr. Miller's opinion (when in fact the basis of the decision was hypothetical question two and Dr. Tucker's opinion), the Court directs Plaintiff to the discussion on this matter later in this memorandum.

3

The magistrate judge also found the ALJ's decision was supported by substantial evidence. Plaintiff objects because she claims the ALJ determined that she suffered from several "severe" impairments including exertional dyspnea and COPD but failed to mention those limitations in his RFC determination. She also contends the ALJ failed to explain how she could "suffer from 'severe' respiratory impairments yet remain capable of the full range of medium exertional work without any environmental limitations" (Court File No. 15 at 1). Plaintiff claims the ALJ's failure to consider the limitations imposed by her "severe" respiratory impairments ultimately "results in [the ALJ's] RFC determination being unsupported" (*id.*). After considering the parties' filings and the applicable law, this Court agrees with the magistrate judge's findings.

Although Plaintiff is correct to note the ALJ did not explicitly mention her "severe" respiratory impairments in reaching his RFC determination, it is apparent that the ALJ took Plaintiff's environmental limitations into consideration. On June 4, 2007, state agency physician Kanika Chaudhuri, M.D., reviewed Plaintiff's file and opined that Plaintiff could occasionally lift or carry 50 pounds, frequently lift or carry 25 pounds, stand or walk six hours out of an eight hour workday, and sit six hours out of an eight hour workday (Tr. 339-46). Dr. Chaudhuri also noted Plaintiff's respiratory impairments and expressed that Plaintiff should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation (Tr. 343, 346). At the hearing, the ALJ posed hypothetical questions to the VE, asking that she consider, among other things, a person who had the physical performance level described in Dr. Chaudhuri's report. Because Plaintiff's environmental limitations were part of Dr. Chaudhuri's report, they were a necessary component of

4

the ALJ's hypothetical questions, the VE's responses, and ultimately, the ALJ's decision.[3] Hence, because the ALJ considered Dr. Chaudhuri's report and gave it significant weight, Plaintiff's argument lacks merit and SSR 96-6p is not implicated.

The magistrate judge was also correct to conclude the ALJ's decision was supported by substantial evidence. The ALJ's hypotheticals incorporated Dr. Chaudhuri's report, and the VE testified--in light of Dr. Chaudhuri's report--that Plaintiff would be able to perform past related work (Tr. 25, 48-50). The ALJ considered the testimony of the VE along with Plaintiff's RFC determination to ultimately reach the same conclusion. Furthermore, as noted by the magistrate judge, contrary to Plaintiff's argument that the ALJ left out relevant limitations in posing his hypothetical questions, it appears the ALJ actually imposed more, presumably making the hypotheticals even more favorable to Plaintiff than his RFC determination.[4] After reviewing the entire record, this Court concludes the ALJ properly determined Plaintiff had the RFC to perform her past relevant work and his determination was supported by substantial evidence, notwithstanding his failure to explicitly mention Plaintiff's environmental limitations.

### B. Plaintiff's Mental Limitations

The magistrate judge also found the ALJ committed harmless error in referencing the incorrect hypothetical question in his decision given that he "reasonably relied on testimony and a

---

[3] In fact, in the RFC determination, the ALJ acknowledges the evaluative work performed by the state agency consultants (that is, Dr. Chaudhuri and Dr. Patikas) with respect to Plaintiff's physical impairments and explains that their opinions are "consistent with the objective medical evidence and . . . given significant weight" (Tr. 25).

[4] To the extent the ALJ erred in formulating his hypothetical questions, such error can be harmless if the hypothetical is more favorable to the claimant than the ALJ's RFC determination. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 838, 845 (6th Cir. 2005).

5

proper hypothetical question to reach his conclusion that Plaintiff could perform her past relevant work" (Court File No. 14 at 18). Plaintiff claims the case should be reversed or remanded because the ALJ failed to utilize a hypothetical that offered an accurate picture of Plaintiff's mental limitations. She argues the hypothetical question relied upon by the ALJ did not accurately reflect the mental limitations described in the ALJ's RFC determination.

The RFC is an assessment of the claimant's remaining capacity for work once her limitations have been considered, while the hypothetical question is intended to be a more complete assessment of the claimant's physical and mental state. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). Assuming an ALJ chooses to solicit VE testimony in response to a hypothetical, the hypothetical need not include all the claimant's diagnoses, but should merely reflect the RFC (as previously determined by the ALJ) as well as the claimant's vocational factors of age, experience, and education. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

Here, confusion arises because the ALJ's decision explicitly states that significant weight was placed on the testimony of the VE with respect to hypothetical question one, noting that the VE's testimony for hypothetical question one greatly resembled Plaintiff's RFC. Plaintiff's RFC, however, was based on the mental limitations expressed by Dr. Tucker, which were discussed by the VE in response to hypothetical question two. Hypothetical question one required that the VE consider Dr. Miller's opinion on Plaintiff's mental limitations. Although it is apparent the ALJ erred in stating that he relied on hypothetical question one, this Court agrees with the magistrate judge that such error is harmless. Despite referencing the wrong hypothetical question, the ALJ in his RFC determination is clearly relying upon the findings of Dr. Tucker with respect to Plaintiff's mental limitations, which were discussed by the VE in response to hypothetical question two. Among other

6

things, in the RFC determination, the ALJ notes Plaintiff is "moderately limited" in her ability to do tasks such as "understand, remember and carry out detailed instruction; maintain attention and concentration for extended periods of time; work in coordination with or proximity to others without being distracted by them . . . ."; these findings essentially mirror those made by Dr. Tucker (Tr. 23, 361-63). The ALJ also follows this explanation with a definition of "moderate limitation," an issue that arose and was thoroughly discussed at the hearing in light of hypothetical question two. Finally, as noted by the magistrate judge, even if the ALJ wrongly referenced hypothetical question one instead of two, the questions as well as the VE's ultimate conclusion with respect to each question were essentially the same. For each question, the VE opined that Plaintiff could perform past relevant work.

Thus, although the ALJ did err by incorrectly referencing hypothetical question one, his decision is still supported by substantial evidence. To remand Plaintiff's case for this sole error, which was harmless, would serve no substantive purpose. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). Accordingly, this Court agrees with the magistrate judge that the ALJ's RFC determination that Plaintiff could perform past relevant work is supported by substantial evidence.

### III. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 14). The Court will **DENY** Plaintiff's motion for summary judgment (Court File No. 10), **GRANT** Defendant's motion for summary judgment (Court File No. 12), and **AFFIRM** the Commissioner's decision.

7

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

8